IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

CHRISTINA HUSS,

      Plaintiff,

   v.                                    No.  13cv330 WJ/RHS
                                               and
                                          13cv332 WJ/RHS

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
ENCOMPASSINSURANCE
COMPANY and JOE DOE,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PARTIES' REQUEST FOR BIFURCATION OF COVERAGE FROM STATUTORY CLAIMS**

THIS MATTER comes before the Court sua sponte, regarding bifurcation of the coverage issues in this case. This case arises out of a dispute over insurance coverage involving an accident in June, 2011, in which Plaintiff Christina Huss was injured while traveling as a passenger in a car which her father, James Huss, was driving. Having reviewed the parties' joint response to the Court's Order to Show Cause, the Court denies the parties' request for bifurcation.

### BACKGROUND

On June 12, 2013, an Order of Consolidation was entered for cases, Civil No. 13-330 WJ/RHS and Civil No. 13-332 WJ/RHS. These cases are identical but were removed separately by each of the Defendants.[1]  Plaintiff was the named insured on two American Family Mutual Insurance Company ("American Family") policies, and Mr. Huss was the named insured on an

---

[1] Each Defendant stated that at the time of removal, neither believed the other had been served.  *See,* Notices of Removal.

Encompass Insurance ("Encompass") policy.  The Complaint asserts claims of Negligence, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of the New Mexico Unfair Claims Practices Act, and Violations of New Mexico Unfair Practices Act (Counts I through V, respectively).

It recently came to the Court's attention that parties in this case wished to bifurcate the coverage issues in this case, and submitted a stipulated order seeking the Court's approval of bifurcation.  *See* 13-CV-00332 WJ/RHS, Doc. 10 (Clerk's Minutes, Scheduling Conf.).   On December 19, 2013, the Court entered an Order to Show Cause Why This Case Should Be Bifurcated, inquiring more information regarding the basis for the parties' request to bifurcate, and the parties have responded to the Order.   Docs. 20, 22.

## DISCUSSION

### I.   Legal Standard

Fed. R. Civ. P. 42 states, in pertinent part, the following:

> . . . (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or issue . . . .

Fed. R. Civ. P. 42(b).

A trial court has broad discretion in determining whether to bifurcate a trial or discovery under Fed.R.Civ.P.42(b). *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir.1985). "[An] [appellate] court will not overturn the district court's bifurcation of the issues unless its decision constituted an abuse of discretion." *Palace Exploration Co. v. Petroleum Dev. Co*., 316 F.3d 1110, 1119 (10th Cir. 2003).  "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir. 1993).  Bifurcation is often in the interest of efficiency and

judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims. *See Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 194 (10th Cir. 2004). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo*, 11 F.3d at 964.

Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary. *See Marshall v. Overhead Door Co.*, 131 F.R.D. 94, 98 (E.D. Pa 1990). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.,* 697 F.Supp.2d 1233, 1250 (D. Kan. 2010).

II. **Bifurcation of the coverage claim from the other claims is not warranted.**

Parties seek bifurcation for both discovery and trial purposes, contending that the factual underpinnings of the contract and the extra-contractual claims are distinct and separate and that, without bifurcation, Defendants would be prejudiced trying both claims before a single jury or even conducting discovery on these separate claims at the same time. They urge the Court to consider bifurcation to reserve judicial and attorney resources, because if it is determined that there is no coverage under the policies, the remaining claims fail. *See Sloan v. State Farm Mut. Auto. Ins. Co.,* 135 N.M. 106 (2004).

In order to establish bad faith, a plaintiff must be able to show more than an insurer's incorrect decision to refuse benefits. *See Suggs v. State Farm Fire & Cas. Co.,* 833 F.2d 883, 890 (10th Cir. 1987), *cert. denied,* 486 U.S. 1007 (1988) (to demonstrate insurance bad faith, plaintiff must demonstrate that there was "a frivolous or unfounded refusal to pay by the insurer"). Absent a finding that Defendants had no reasonable basis to dispute coverage or refuse benefits, Plaintiff cannot proceed on the bad faith claim. *See United Nuclear Corp. v.*

*Allendale Mut. Ins. Co.,* 103 N.M. 480, 485 (1985) (an insurer's incorrect decision to refuse benefits, without more, is not enough to establish bad faith).  Thus, parties claim that bifurcation would expedite judicial resolution of the case because if the Court concludes there is no coverage, no further proceedings are necessary.

The Court does not share counsel's view that bifurcation would result in a more expeditious resolution of this case.  Bifurcation is not mandated simply because determination of the coverage issue would dispose of the remaining extra-contractual claims, particularly here where all the claims appear to be sufficiently linked to proceed through discovery and trial together.  Bifurcation under Rule 42(b) is inappropriate where evidence to be presented against the parties is inextricably linked.  *FDIC v. Refco Grp., Ltd.*,184 F.R.D. 623, 629 (D. Colo. 1999) (finding that bifurcation would have no effect on evidence offered at trial because claims and evidence were inextricably linked).  Parties claim that the evidence necessary to resolve the coverage dispute is less "voluminous" than what would be required to litigate the statutory claims.  However, it seems that the same individuals associated with either American Family or Encompass would need to be deposed for all of the claims asserted by Plaintiff, and that a substantial amount of the testimony from these individuals would be relevant for at least some of the elements on all of the claims.  Bifurcation would only require the parties to restart discovery in the event it was determined that coverage existed.  This would only prolong the course of this case and result in minimal savings of effort and expense for counsel.  Bifurcation would also mean that certain parties would have to appear at trial more than once, should the coverage aspect need to proceed to trial.

The Court also finds that the coverage and statutory claims are similar enough to permit discovery and trial of all the claims simultaneously.  A determination of the coverage issue is

essentially contract construction. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("A court interprets an insurance contract using traditional principles of contractual interpretation."). Presenting the coverage claim would entail presenting evidence regarding the formation of the contract, parties' intent at the time of the contract, and the terms of the contract. These are the exact considerations for the breach of contract and uninsured motorist benefits claims. This evidence is also relevant to the unfair trade practices and bad faith claims. Moreover, evidence regarding the coverage issue would have to be presented twice if this matter were to be bifurcated. The Court advises counsel that if they seek a determination on the coverage issue before delving deeper into discovery on the other claims, they may wish to submit dispositive motions concerning coverage earlier within whatever scheduling deadlines are imposed by the Court, instead of waiting until the end of the deadline period to file all their dispositive motions.[2]

Accordingly, the Court concludes that the parties have failed to show that bifurcation would result in any meaningful savings of time, money or effort. The Court notes that the parties had stipulated to bifurcation before the issue could be formally submitted to the Court for consideration, and as a result, was not presented to the Court in formal motion. Regardless, the Court is not bound by the parties' stipulation, and DENIES the parties' request for bifurcation.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendants claim, without explanation, that they would be prejudiced trying both claims before a single jury. However, the bad faith claim would not proceed to trial unless there was coverage, and the Court has every expectation that Defendants would seek a ruling on the coverage issue through dispositive motion prior to trial.