IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

CHRISTINA HUSS,

    Plaintiff,

    v.                                                                   No. 13cv330 WJ/RHS
                                                                          and
                                                                          13cv332 WJ/RHS

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
ENCOMPASS INSURANCE
COMPANY and JOE DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DISMISSING DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE
COMPANY BASED ON LACK OF PERSONAL JURISDICTION
and
ORDERING CLERK OF COURT TO CLOSE CASE 13-CV-332**

THIS MATTER comes before the Court upon a Motion to Dismiss filed by Defendant American Family Mutual Insurance Company ("American Family") on November 27, 2013 **(Doc. 17)**. Having reviewed the parties' briefs and applicable law, I find that Defendant's motion has merit and shall be granted on the grounds that this Court has no personal jurisdiction over this Defendant, who shall be dismissed from this case.

BACKGROUND

This case arises out of a dispute over insurance coverage involving an accident in June, 2011, in which Plaintiff Christina Huss was injured while traveling as a passenger in a rented U-Haul truck which her father, James Huss, was driving. Plaintiff allegedly sustained injuries when a rock went through the windshield of the truck, conveyed through the air by Joe Doe, an unknown Defendant. The alleged injuries were severe, including severe maxilla facial fracturing.

Plaintiff filed this case on February 7, 2013 in the Fourth Judicial District Court, County of San Miguel. Defendants removed the case on April 8, 2013. Each Defendant removed the case separately on the basis of diversity, 28 U.S.C. §1332, claiming that at the time of removal, neither believed that the other Defendant had been served. *See* Notices of Removal. Both cases were subsequently consolidated for all purposes. Doc. 7. The Court recently denied the parties' request to bifurcate the coverage claims from the statutory claims. Doc. 23.

Plaintiff alleges that at the time of the accident, she was in the process of moving from Arizona to Colorado, where she now resides with her father. Also at that time, Plaintiff was the named insured on two American Family Mutual Insurance Company ("American Family") policies, and Mr. Huss was the named insured on an Encompass Insurance ("Encompass") policy. Neither carrier provided coverage on Plaintiff's uninsured motorist claims. The Complaint asserts claims of Negligence, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of the New Mexico Unfair Claims Practices Act, and Violations of New Mexico Unfair Practices Act (Counts I through V, respectively). Defendant American Family denies that coverage under its Uninsured Motorist policies extended to Plaintiff's June 5, 2011 accident and injuries, and further, contests personal and subject matter jurisdiction. Defendant Encompass denies that there is any coverage due to Plaintiff under the policy issued to her father. The instant motion was filed only by Defendant American Family ("Defendant" for purposes of this motion).

**DISCUSSION**

Defendant, whose principal place of business is in Wisconsin, moves for dismissal on the basis that this Court lacks both personal and subject matter jurisdiction over Plaintiff's claims. Assuming the Court finds jurisdiction exists, Defendant seeks dismissal on the grounds that trial in another forum will best serve the convenience of the parties and the ends of justice.

2

**I.      Subject Matter Jurisdiction**

Jurisdiction is a threshold question that a federal court must address before reaching the merits, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied. *Payton v. U.S. Dept. of Agriculture*, 337 F.3d 1163 (10th Cir. 2003). Rule 12(b)(1) permits a defendant to challenge a court's power to hear a case for lack of subject-matter jurisdiction. FRCP 12(b)(1).

Defendants argue that this Court has no subject matter jurisdiction over this action because there is an insufficient connection between Plaintiff's claim and an act that occurred within the boundaries of New Mexico. This is not the test for subject matter jurisdiction, nor do Defendants offer legal authority for such a standard. In the Notice of Removal, Defendants themselves assert 28 U.S.C. §1332 as the grounds for federal jurisdiction, which requires diversity of citizenship and an amount in controversy over $75,000. This case ostensibly satisfies these requirements: Plaintiff was a citizen of Arizona, and at the time of the injury, was in the process of moving to Colorado; Defendant American Family is a citizen of Wisconsin for purposes of diversity, and Defendant Encompass is a citizen of Illinois. The Notices of Removal assert an amount in controversy exceeding $75,000.00. Thus, this Court has subject matter jurisdiction over this action.

**II.     Personal Jurisdiction**

Defendant contends that this Court does not have personal jurisdiction over it because it did not take part in any action that could subject it to personal jurisdiction in New Mexico courts under the long-arm statute, and because it did not purposefully direct any of its activities to New Mexico to satisfy due process concerns.

A.      <u>Legal Standard</u>

A motion to dismiss is an appropriate procedural vehicle for resolving personal jurisdiction and venue issues. See Fed.R.Civ.P. 12(b)(2) & (3).  Affidavits, depositions, answers to interrogatories, and similar evidentiary matter may be presented and are freely considered on a motion attacking jurisdiction. *See Sunwest Silver, Inv., v. Int'l Connection, Inc*., 4 F.Supp.2d 1284, 1285 (D.N.M. 1998); *Jones v. 3M Company*, 107 F.R.D. 202, 204 D.N.M. 1984).

Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum, which in this case is New Mexico.  *Benally v. Amon Carter Museum of Western Art,* 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted). Plaintiffs have the burden of establishing personal jurisdiction over American Family. *See, Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir.1996).  New Mexico applies a three-part test to determine whether personal jurisdiction lies over non-residents.  The Court must determine whether:  (1) the defendant committed an act or omission specifically set forth in New Mexico's long-arm statute;[1] (2) the cause of action arises out of that act or omission; and (3) the defendant has sufficient minimum contacts to satisfy due process concerns. *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 132 N.M. 312, 318 (2002).   The minimum contacts requirement may be met by the court exercising either general or specific jurisdiction.  When the defendant has continuous and systematic general business contacts with the forum state, courts in that state may exercise general jurisdiction over the defendant.  *See Purple Onion Foods, Inc. v. Blue Moose of Boulder*, 45 F.Supp.2d 1255 (D.N.M. 1999); *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414-15 (1984).  When the defendant has purposely directed its activities at residents of the forum, courts in that state may

---

[1] Section 38-1-16, N.M.S.A.1978 provides that a person who does any of the enumerated acts submits himself to the jurisdiction of the courts of this state as to any cause of action arising from:
(1) the transaction of any business within this state;  [and] . . .
(3) the commission of a tortious act within this state . . . .

4

exercise specific jurisdiction in cases that "arise out of or relate" to those activities. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). However, both general and specific personal jurisdiction require a showing that the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *Alto Eldorado P-ship,* 138 N.M. 607 (Ct.App. 2005). This determination is made by balancing five factors: the burden on the defendant, New Mexico's interest, the plaintiff's interest, the interest in an efficient judicial system, and the interest in promoting public policy. *Zavala v. El Paso County Hospital District*, 143 N.M. 36, 42, 172 P.3d 173, 179 (N.M.App.,2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

B.   Analysis

Defendant contends that it has no connection with New Mexico, and that its sole involvement in this case arises from its issuance of two Arizona insurance policies to Plaintiff, an Arizona resident, for two vehicles garaged in Arizona. Defendant is not alleged to have committed any tortious act within New Mexico. Plaintiff argues that personal jurisdiction exists over Defendant for three reasons: first, Defendant stands in the shoes of Joe Doe in this case (assumed to be an "uninsured motorist" for policy purposes); second, because New Mexico is the place where the "wrong" occurred; and third, that Defendant has minimum contacts sufficient to allow this Court to exercise personal jurisdiction over Defendant. None of these arguments has merit.

Plaintiff's first argument is specious. It is true that an insurer "stands in the shoes of the uninsured motorist"—but "only with regard to the question of whether the latter was negligent and with regard to his defenses such as contributory negligence." *Hendren v. Allstate Ins. Co.*, 100 N.M. 506, 510, 672 P.2d 1137, 1141 (N.M.App.,1983). In other words, the only purpose of

5

this principle is to allow an insured to raise a direct action against his insurer on uninsured motorist claims. *Guess v. Gulf Ins. Co*. 96 N.M. 27, 28, 627 P.2d 869, 870 (N.M., 1981). There is nothing in the reasoning or facts of the cases cited by Plaintiff on this issue which suggests that in cases involving uninsured motorists, the insurer stands in the shoes of the uninsured motorist for purposes of determining personal jurisdiction.  Plaintiff has not offered any legal basis to abandon the traditional analysis in determining whether personal jurisdiction exists.  Plaintiff commits a similar error of misdirection in the second argument, arguing that the place or locus of the loss determines where the insured's rights are to be adjudicated.  Again, the cases cited by Plaintiff address choice of law considerations for contractual and tort liability, and which law should be applied to the case at bar, *not* whether personal jurisdiction over Defendant is proper.

Plaintiff's third argument to support personal jurisdiction over Defendant fares no better. Plaintiff claims that American Family has sufficient minimum contacts in New Mexico because a search of Defendant on the New Mexico Office of the Superintendent of Insurance website shows that Defendant provides vehicle insurance in New Mexico, with at least two appointed agents. Ex. 1.  The results of Plaintiff's search, however, are far from definitive.  One page of the exhibit indicates a contact name for a company involved in the casualty and surety business going by the same name as Defendant, with a domicile in Wisconsin.  Another page of the search application shows two individuals listed under "appointments," with no other description of the roles of these individuals. *See* Doc. 25-1 at 3 & 4.  Plaintiff claims that these exhibits show that Defendant has at least two appointed agents doing business for Defendant in New Mexico.

In the reply, Defendant offers the Affidavit of Joel Babcock, senior staff attorney at American Family. Ex. A.  Mr. Babcock states unequivocally that Defendant writes insurance in

nineteen states, but that it does not transact business and is not registered to do business in New Mexico. Defendant is not licensed or approved to issue policies in New Mexico, has never written an insurance policy and has never collected any insurance payments in New Mexico. Defendant does not advertise, market or offer services in New Mexico and has no real property, clients or employees in this state. As for the individuals listed on the search application presented by Plaintiff as registered agents, Mr. Babcock explains that these individuals are claims adjusters who worked out of the Denver, Colorado regional office, and who have been designated to adjust claims which arise out of accidents that occur in New Mexico.

The existence of these adjusters in Colorado certainly does not make litigation against American Family foreseeable in New Mexico. This limited business activity in a neighboring state does not constitute the transaction of "continuous and systematic" business sufficient to satisfy a due process inquiry for the existence of general jurisdiction in this state. The Court also finds that specific jurisdiction does not exist either, because American Family cannot be said to have purposefully directed any of their activities towards New Mexico. Defendant's only connection to this state is that a vehicle insured by Defendant in Arizona was involved in an accident in New Mexico. However, Plaintiff's allegations against American Family do not "arise out of or relate" to the accident, and Plaintiff does not allege that Defendant bears any responsibility for the accident. This lawsuit is contract driven, based on a contract issued and executed in Arizona.

The fact scenario in the instant case is not especially problematic or complex. The facts are similar to the fact patterns in seminal cases addressing personal jurisdiction that conclude that such jurisdiction is absent. *See, e.g., Hanson v. Denckla,* 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot

satisfy the requirement of contact with the forum state"); *World-Wide Volkswagen Corp.,* 444 U.S. 286, 287 (1980) ((Oklahoma court may not exercise personal jurisdiction "over a nonresident automobile retailer and its wholesale distributor in a products-liability action, when the defendants' only connection with Oklahoma is the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma"). While Plaintiff may have a connection of sorts to New Mexico by virtue of the accident occurring in New Mexico, Defendant's only connection to New Mexico is its obligation to adjust Plaintiff's claim on an accident that happened here. This is not sufficient to find that the facts underlying this lawsuit "arise out of or relate" to an accident which occurred in New Mexico, much less that Defendant "purposefully directed" its activities at New Mexico residents. *See Burger King Corp.*, 471 U.S. at 472-73 (courts may exercise specific jurisdiction over a defendant that "purposefully directed" its activities at the state's residents, if the cause of action arises out of those activities); *Melea, Ltd. v. Jawer* SA, 511 F.3d 1060, 1066 (10th Cir. 2007). Accordingly, the Court finds that minimum contacts do not exist sufficient to satisfy due process requirements.

Further, even if the Court were to find that minimum contacts existed, the assertion of personal jurisdiction over Defendant would violate traditional notions of fair play and substantial justice. In coming to this conclusion, the Court has considered several factors: the burden on the defendant, New Mexico's interest, the plaintiff's interest, the interest in an efficient judicial system, and the interest in promoting public policy. *Burger King Corp.,* 471 U.S. 476–77; *Zavala*, 143 N.M. at 42. The balancing of these factors weigh against asserting personal jurisdiction over Defendant. Plaintiff minimizes any burden American Family may claim because as a national insurance company, Defendant is surely able to retain counsel for litigation in this state. Under this argument, whether or not a corporation has any connection to the

jurisdiction, the corporation would be forced to litigate a case in any jurisdiction merely because the corporation has the resources and ability to litigate in the jurisdiction.  This argument is easily rejected, as it disposes of any need for due process considerations in a personal jurisdiction analysis.  Plaintiff also claims she would be burdened having to re-file this matter in Arizona, but the Court agrees with Defendant that Plaintiff chose to file this lawsuit in a jurisdiction where neither she nor Defendant reside.  Plaintiff contends there are public policy considerations at stake for New Mexico in managing tort cases involving vehicle and roadway safety.  However, the Court finds that there are no factual assertions in this case which raise this case to such a level.  Thus, even if the Court were to find that minimum contacts existed (which the Court has expressly *not* found to exist here), there are simply no aspects of this case which would persuade the Court that exercising jurisdiction over Defendant would be reasonable.  *See Melea, Ltd. v. Jawer SA,* 511 F.3d 1060, 1065-1066 (10th Cir. 2007) (court must consider whether exercise of jurisdiction over defendant offends "traditional notions of fair play and substantial justice," that is, whether the exercise of jurisdiction is "reasonable" under the circumstances).

## CONCLUSION

In sum, the Court finds and concludes that while it has subject matter jurisdiction over this case, Plaintiff has failed to meet her burden of showing that the Court has personal jurisdiction over Defendant American Family.  The Court having found no personal jurisdiction over American Family, there is no need to consider Defendant's alternative argument related to forum non conveniens.

Finally, the findings and conclusions herein apply only to Defendant American Family.  Defendant Encompass has not moved for dismissal on any jurisdictional grounds, and in fact, appears to have conceded personal jurisdiction by stating that it has a registered agent in New

Mexico.  *See* Notice of Removal for Defendant Encompass, 13cv0330, Doc. 1, ¶ 2.   Thus, the case will proceed in this Court against Defendant Encompass.[2]

      **THEREFORE,**

      **IT IS ORDERED** that the Motion to Dismiss filed by Defendant American Family Mutual Insurance Company **(Doc. 17)** is hereby GRANTED in that this Defendant is DISMISSED FROM THIS CASE FOR LACK OF PERSONAL JURISDICTION;

      **IT IS FINALLY ORDERED** that the Clerk of the Court is directed to administratively close Case 13-CV-00332 (removal by Defendant American Family) in light of this Court's rulings.

                                                                         UNITED STATES DISTRICT JUDGE

---

[2]  Defendant Encompass has filed an Answer, which can be found as Exhibit D to its Notice of Removal.