IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINA HUSS,

    Plaintiff,

v.                                                                       No. 13cv330 WJ/RHS

ENCOMPASS INSURANCE,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT ENCOMPASS' MOTION TRANSFERRING CASE TO THE DISTRICT OF COLORADO**

**THIS MATTER** comes before the Court upon Defendant Encompass Insurance Company's ("Defendant Encompass") Motion to Dismiss on Grounds of Forum Non Conveniens or, Alternatively Motion to Transfer Venue, filed February 26, 2014 (**Doc. No. 37**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion requesting transfer to the District of Colorado is well-taken and, therefore, is GRANTED.

**Background**

This case arises out of incident during which Plaintiff, who was traveling with her father through New Mexico, was struck and injured when a rock went through the windshield of the rented U-Haul truck they were driving in. This incident occurred as the truck was traveling northbound on Interstate 25 in San Miguel County, New Mexico. Plaintiff alleges that Joe Doe, an unknown Defendant, caused the rock to travel through the air and strike Plaintiff by means unknown. Plaintiff alleges that Defendant Encompass was required to cover her injuries pursuant to a policy issued to her father. Defendant Encompass denies that Plaintiff is an

additional insured under the policy issued to her father.

Defendant Encompass requests that this case be dismissed based upon the doctrine of *forum non conveniens* or, alternatively, that this matter be transferred to the District of Colorado. Defendant argues that the majority of the witnesses live in Colorado, the contract interpretation would be based upon Colorado law, and all parties, including Plaintiff, would be greatly burdened by having to try this case in New Mexico. Plaintiff opposes the Motion and both forms of relief requested.

## Discussion

### I.     Dismissal on the Grounds of *Forum Non Conveniens*

Although captioned as a Motion to Dismiss, or in the alternative, to transfer, Defendant's motion focuses almost exclusively on its request to transfer this matter. In fact, aside from its caption and relief, Defendant barely even mentions dismissing this case. Defendant has failed to demonstrate why this matter meets the standard for dismissal under *forum non conveniens*, to the contrary, the Motion makes only a passing reference to the standard for dismissing cases based upon *forum non conveniens*. Accordingly, the Court will not dismiss this case based upon *forum non conveniens*. The Court will only consider the request to transfer the case.

### II.    Transfer of the Case to the District of Colorado

   *A.     Legal Standard*

28 U.S.C.A. § 1404(a), provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Id. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience

and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation omitted).  Among the factors a district court should consider are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir.1967).

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed."  Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167-68 (10th Cir. 2010) (citation omitted).  The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991)

B.     *The Relevant Factors Weigh in Favor of Transfer*[1]

As an initial matter, Plaintiff claims that the Defendant's motion to transfer is untimely.  First, Plaintiff has not cited any binding precedent that specifies a time period for filing a motion to transfer.  In response to the persuasive precedent cited by Plaintiff, the Court finds that Defendant's motion was not untimely.  Although Defendant has known certain facts about the propriety of New Mexico as a venue since the beginning of the case, Defendant did not know all of the facts relied upon in its Motion, specifically witnesses' significance and location until discovery began.  Further, there were several preliminary matters litigated (i.e. parties' request

---

[1] There are two (2) factors which do not favor a particular result.  For example, there are no concerns about the enforceability of a judgment and this Court is not more congested than its neighbor to the North. Accordingly, these two factors have no bearing on the Court's analysis.

3

for bifurcation) that prevented this matter from moving forward.  Thus, the Court will not reject Defendant's request on the basis of being untimely.

The first factor, Plaintiff's choice of forum, would ordinarily weigh against transferring the case.  Plaintiff's brief placed much emphasis on the deference afforded to the plaintiff's choice of forum.  The Tenth Circuit has noted that "[t]he plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." Employers Mut. Cas. Co., 618 F.3d at 1168.   Here, Plaintiff is a resident of Colorado and was only briefly traveling through New Mexico when she was injured, thus the first factor does not strongly weigh against transfer.  Specifically, Plaintiff resides in Sterling, Colorado.  The Court takes judicial notice of that fact that Sterling, Colorado is approximately 527 miles away from Albuquerque , New Mexico and approximately 127 miles away from Denver, Colorado where Defendant is proposing this matter be transferred.

The second and most important factor, the accessibility of witnesses, strongly favors transfer. See Employers Mut. Cas. Co., 618 F.3d at 1169 ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).")   Defendant has noted that the majority of witnesses including Plaintiff herself, the agent who issued the policy to Plaintiff's father, Plaintiff's father, and Plaintiff's treating physicians all reside in Colorado and would likely fall outside the subpoena power of this Court.  To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) "indicate the quality or materiality of the[ir] testimony"; and (3) "show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992).  Defendant has indicated the witnesses that reside in Colorado as well as their general locations.  Further, while Plaintiff

complains that Defendant has not sufficiently outlined the materiality of the testimony of these out-of-state witnesses, the Court finds their significance to the case to be self-evident; Plaintiff's father is the policy holder and also witnessed the accident, the agent who issued the policy is key to an understanding of the agreement, and Plaintiff's physicians are material to the issue of damages. Additionally, Defendant has noted Plaintiff's father, the purchaser of the policy at issue as well as witness to the accident causing the injuries, has a medical condition making it difficult for him to travel. Defendant has gone above "merely [making] a general allegation that necessary witnesses are located in the transferee forum", it has specifically alleged why the location of witnesses factor weighs in favor of transfer. See Employers Mut. Cas. Co., 618 F.3d at 1169. The location of the witnesses also adds to the costs of litigating this matter.

The Court also finds that there is an advantage to having a local court decide the questions of law. This case turns on an interpretation of the policy. Although Plaintiff has raised some issues with Defendant's assertion that the policy would be interpreted in accordance with Colorado law, the policy itself contains a choice of law provision. See **(Doc. No. 37-1)**, Policy, at p. 4. "New Mexico also has a strong public policy of freedom to contract that requires enforcement of contracts [including choice of law provisions] unless they clearly contravene some law or rule of public morals." United Wholesale Liquor Co. v. Brown-Forman Distillers Corp., 1989-NMSC-030, 108 N.M. 467, 471, 775 P.2d 233, 237 (enforcing contract provision that Kentucky law would apply to the contract). Thus, if the case were to stay in New Mexico, the Court would likely be applying Colorado law pursuant to the policy's choice of law provision. The Tenth Circuit has expressed a preference in diversity cases for "the action to be adjudicated by a court sitting in the state that provides the governing substantive law." Employers Mut. Cas. Co., 618 F.3d at 1169 (10th Cir. 2010); see also Black & Veatch Constr.,

Inc. v. ABB Power Generation, Inc., 123 F.Supp.2d 569, 581 (D.Kan.2000) (transferring an action to a federal district court whose substantive state law applied to the contract).

Finally the Court notes that the overall "considerations of a practical nature that make a trial easy, expeditious and economical" weigh in favor of transferring the case.  Although Plaintiff was injured in New Mexico, this case is, at its simplest, a matter of contract interpretation.  The key question is whether Plaintiff is an insured under the policy issued by Defendant to Plaintiff's father.  The policy was executed in Colorado, the contracting parties both reside in Colorado, the policy itself states it shall be interpreted in accordance with Colorado law, and the majority of the witnesses live in Colorado including the Plaintiff.  While Plaintiff argues that this case involves several states, New Mexico (where the accident occurred), Arizona (where the vehicle was rented), and Colorado (where the policy was issued), because no one state is a better venue than another, the Court should defer to Plaintiff's choice of New Mexico.  Contrary to Plaintiff's assertions, there is a "single, alternative venue" (see Employers Mut. Cas. Co., 618 F.3d at 1168), Colorado.   It is clear that it would be more convenient for all involved if this case was transferred to Colorado.

**THEREFORE, IT IS ORDERED**, that Defendant Encompass Insurance Company's Motion to Dismiss on Grounds of Forum Non Conveniens or, Alternatively Motion to Transfer Venue **(Doc. No. 37)** is **GRANTED**.

**IT IS FURTHER ORDERED**, that the Clerk of the United States District Court for the District of New Mexico is directed to transfer this case to the United States District Court for the District of Colorado.

_____
UNITED STATES DISTRICT JUDGE